# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

UNITED STATES OF AMERICA

v.

__Donald Raymond Croft__
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 12-30345

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☐ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

6/11/12
Date

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Donald Raymond Croft Order of Detention

This is a presumption case. Defendant is charged in a criminal complaint with Production of Child Pornography, Distribution of Child Pornography, and Possession of Child Pornography.

Defendant is a 44 year old male who lives in his mother's basement. He has lived there since 2006. He has lived virtually all of his life in the Eastern District of Michigan. He is divorced and has a 16 year old daughter. Defendant is self employed. He fancies himself as an artistic photographer and has worked as a self employed photographer for the past 10 years. The name of his business is Rebel Art Imaging. He has approximately $200 in a business account and no other assets. He owes approximately $2100 in back taxes for which he is not making payments, and has an outstanding $5000 student loan debt. The income, if any, generated from his photography business, remains in question.

Defendant uses marijuana on a regular basis and has a past history of snorting cocaine.

The subjects of Defendant's photographic lens are females between the ages of 4 and 34. The vast majority of his subjects are young girls ages 4 to 9. He came to the attention of the National Center for Sexually Abused Children as a result of complaints having been made resulting in ongoing investigations in two other states regarding images of children photographed by him that he posted on the internet. There were also complaints that he was selling soiled clothing worn by his "child models" on the internet as well.

Defendant opened up a website in approximately 2010 where he posted photographs that he had taken of five female children dressed up provocatively in adult style lingerie, including G-strings, fishnet stockings, high heels, sexually suggestive clothing, and heavy make up. He posted no photos of adult females on his website. By April 2011, he closed down that website and opened up a new website with the URL "Rebel". The website had the same kind of content but displayed photos of two additional young female children. The undercover investigators were able to purchase 5 galleries of photos from Defendant through his website in an initial purchase, and then were given an access code to purchase a larger number of photos incrementally.

At the detention hearing, the government, through its agent's live testimony, produced Exhibits 1-14 which consisted of a small sampling of the content of Defendant's photo gallery, approximately 300 pictures of young girls dressed up provocatively in adult style suggestive clothing, placed in seductive poses, in some cases displaying their genitals, and in other cases naked or naked with body paint, and in some cases partially naked, displaying their buttocks, chests, or using props. All in all more than 3000 photos of young children (females) taken by Defendant have been retrieved during this investigation.

One child "model"'s name is Alli and there are more than 2000 pictures of Alli taken by Defendant. Alli is no longer being photographed by Defendant because her father found out what he was doing and put an end to it. Apparently Alli's mother was the consenting adult who allowed her daughter to be photographed by Defendant. In general Defendant would have the mothers sign a "contract" allowing him to photograph their daughters and he would pay the mothers 50% of the proceeds from the sale of the pictures.

The agent gave testimony about "Victim # 1" and "Victim #2". The mother of Victim #2 said that she never gave Defendant permission to photograph her daughter in the nude wearing only white cowboy boots and a white hat. Victim #2 was about 4 or 5 years old when the photo was taken by Defendant. Victim #2, when interviewed at age 9, explained that she was wearing a dress that was too large for her and it must have fallen off of her "accidentally" and that picture of her posing naked wearing only cowboy boots and a hat was taken "by mistake". There is no dress seen anywhere near the child in the picture taken by Defendant (See Exh 14).

Two mothers of Defendant's alleged victims have been prosecuted and convicted of child endangerment and are currently incarcerated, one in Virginia and one in Michigan. Their daughters have been removed from their legal custody.

Defendant's computers were seized and were forensically analyzed. His personal computer contained volumes of pictures (both active and deleted) of child pornography: female minors engaged in oral sex with adults, minor girls with ejaculate on their faces, and minor girls displaying their genital in a lascivious manner. These images do not appear to be photo images taken by Defendant.

Defendant is deemed to be a predator and a danger to society by clear and convincing evidence presented at the hearing. He lives in the basement of his mother's house where many, if not most, of these young children were photographed. He believes that he is creating "art" and specifically denies that he is exploiting these young children. He stated that clothing cannot be provocative. His photos depict children displaying their vaginal regions (see Exh #3 and Exh 14) and there are multiple other images where these children are posing and displaying their genitalia. Virtually all of the subjects of his photo shoots are young girls between the ages of 4 and 9. Defendant has traveled out of state to Virginia to photograph children, and even after his mother's house was searched and his computers and equipment seized, he still planned to go to Virginia to take more photos of young girls.

The weight of the evidence is convincing: Defendant admits taking the photographs, the websites belong to Defendant and he admits they are and were his, there was money paid to Defendant for his photographs, he appears to have no legitimate photography business other than his prurient interest in creating child erotica and child pornography, his use of code words and email to access his website, the number of photographs found in Exhibits 1 - 14, all of which appear to contain varying degrees of inappropriate content.

Defendant has failed to rebut the presumption of detention.

There is no condition, or combination of conditions, that would assure the safety of the community. Detention is therefore Ordered.