UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                               CASE NO. 12-30345

v.                                           HON. DAVID R. GRAND

D-1 DONALD RAYMOND CROFT,

      Defendant.
      _____/

**STIPULATION TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT**

      By and through their respective counsel, **THE PARTIES STIPULATE** and agree that there is good cause to continue the preliminary examination and complaint from February 7, 2013, to April 4, 2013 at 1:00PM.

      **IT IS FURTHER STIPULATED** that the time period from February 7, 2013, through and including April 4, 2013, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

      The parties stipulate and agree that an ends of justice continuance is appropriate for the following reasons:

1. On May 29, 2012, a criminal complaint was issued that charged Defendant with production of child pornography (in violation of Title 18, United States Code, Section 2251), distribution of child pornography (in violation of Title 18, United States Code,

Section 2252A(a)(2)), and possession of child pornography (in violation of Title 18, United States Code, Section 2252A(a)(5)(B));

2. Defendant appeared before the Court for an initial appearance on June 7, 2012, and was detained after a hearing on June 11, 2012;

3. On July 2, 2012, and August 1, 2012, the available discovery was provided to defense counsel;

4. Defense counsel and the government have conducted several evidence reviews as the computer forensic examinations have been completed on electronic media seized from Defendant's home;

5. This year, the government filed criminal complaints against two other individuals involved in similar criminal conduct arising out of the same transaction and occurrence;

6. On February 25, 2013, the government and defense counsel met to make a final determination if the case was going to resolve through plea negotiations; and

7. In furtherance of a final resolution, defense counsel has requested additional information which the government has agreed to provide.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The parties also stipulate and agree that this stipulation and any order resulting therefrom shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the parties request that the Court find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO STIPULATED.**

| | |
|---|---|
| s/*Matthew A. Roth* | s/*Lawrence B. Shulman* (with consent) |
| Matthew A. Roth | Lawrence B. Shulman |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 2000 Twn Center Suite 1650 |
| Detroit, Michigan  48226 | Southfield, Michigan  48075 |
| Phone:   313-226-9186 | Phone: |
| E-Mail:  Matthew.Roth2@usdoj.gov | E-Mail:  ShulmanL@jacksonlewis.com |

Dated:  March 6, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              CASE NO. 12-30345

        v.                                      HON. DAVID R. GRAND

D-1 DONALD RAYMOND CROFT,

        Defendant.

_____/

## ORDER TO CONTINUE PRELIMINARY EXAMINATION AND COMPLAINT

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the final preliminary examination and complaint is continued from February 7, 2013 to April 4, 2013 at 1:00PM.

**IF IS FURTHER ORDERED** that the time period from February 7, 2013, through and including April 4, 2013, shall be deemed excludable delay under the provisions of the Speedy Trial Act, Title 18, United States Code, Section 3161, in consideration of other proceedings concerning the defendant under Section 3161(h)(1), specifically, that the parties are actively engaged in plea negotiations and Section 3161(h)(7)(A), that the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

The Court does find that an ends of justice continuance is appropriate for the following reasons:

1. On May 29, 2012, a criminal complaint was issued that charged Defendant with production of child pornography (in violation of Title 18, United States Code, Section 2251), distribution of child pornography (in violation of Title 18, United States Code,

    Section 2252A(a)(2)), and possession of child pornography (in violation of Title 18, United States Code, Section 2252A(a)(5)(B));

2. Defendant appeared before the Court for an initial appearance on June 7, 2012, and was detained after a hearing on June 11, 2012;

3. On July 2, 2012, and August 1, 2012, the available discovery was provided to defense counsel;

4. Defense counsel and the government have conducted several evidence reviews as the computer forensic examinations have been completed on electronic media seized from Defendant's home;

5. This year, the government filed criminal complaints against two other individuals involved in similar criminal conduct arising out of the same transaction and occurrence;

6. On February 25, 2013, the government and defense counsel met to make a final determination if the case was going to resolve through plea negotiations; and

7. In furtherance of a final resolution, defense counsel has requested additional information which the government has agreed to provide.

Overall, a continuance of the preliminary examination and complaint is necessary to allow defense counsel and the government additional time for the facilitation of plea negotiations which, under the Speedy Trial Act, are "other proceedings concerning the defendant," 18 U.S.C. § 3161(h)(1); *see United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004), *vacated on other grounds (Booker)*, 543 U.S. 1099 (2005); *United States v. Bowers*, 834 F.2d 607, 609-10 (6th Cir. 1987) (per curiam). Furthermore, the ends of justice served by continuing the preliminary examination and complaint outweigh the best interests of the public and Defendant in a speedy trial.

    This order shall not affect any previous order of pretrial detention or pretrial release.

Accordingly, the Court shall find that, under the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(1) and (h)(7)(A), the period of delay, as a result of the continuance, shall be excluded in computing the time within which the information or indictment must be filed.

**IT IS SO ORDERED.**


s/David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE


Date Entered:  March 6, 2013